IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIA BLAKEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY,[1] )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. )<br>) | Civil Action No. 23-760 |

O R D E R

AND NOW, this 26th day of April, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211,

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2]    Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining her residual functional capacity ("RFC"). (Doc No. 11). Specifically, she contends the ALJ failed to incorporate her mild impairment in adapting and managing herself within the RFC finding and subsequent hypothetical posed to the vocational expert ("VE") and that the ALJ erred by failing to consider evidence showing that she would be off-task more than 10 percent of the time and miss more than two days of work per month. (*Id.*). For the following reasons, the Court disagrees and affirms the ALJ's finding of non-disability.

The Court reviews the ALJ's findings to determine whether they are supported by substantial evidence. *See Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). This Court may not reweigh the evidence or substitute its own findings for the ALJ's findings even when there is evidence in the record to support a "contrary conclusion." *Malloy v. Comm'r*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

The ALJ uses a five-step evaluation process to determine disability. 20 C.F.R §§ 404.1520(a), 416.920(a). Step One requires the ALJ to "consider [the claimant's] work activity" to ensure he or she is not doing "substantial gainful activity." *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At Step Two, the ALJ "consider[s] the medical severity of [the claimant's] impairment(s)," and for the inquiry to continue, the ALJ must find that the claimant has at least one "severe medically determinable physical or mental impairment . . . or a combination of impairments[,]" that has lasted or is "expected to last for a continuous period of at least 12 months." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *Id.* §§ 404.1509, 416.909. A claimant's satisfaction of his or her burden of proof at Step Two leads to Step Three where the ALJ asks whether the claimant's impairments meet or equal the criteria for one of the presumptively disabling impairments listed in the regulations (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a Listing is not met, the inquiry continues to Steps Four and Five, which requires an assessment of the claimant's RFC and a determination as to whether the claimant can return to past relevant work or perform other substantial work. *Id.* §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

The Court rejects Plaintiff's first argument that the ALJ erred by failing to include non-exertional limitations in her RFC and the hypothetical posed to the VE accommodating her mild impairment in adapting and managing herself.  (Doc. No. 11 at 4-7).   In this case, the ALJ made the following RFC determination:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR. 404.1567(b) and 416.967(b) except:
> - She requires jobs that offer an opportunity to alternate sitting and standing every 30 minutes.
> - She can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds.
> - She can occasionally balance and stoop.
> - She can never kneel, crouch, or crawl.
> - She is limited to frequent handling, fingering, and feeling with her left upper extremity.
> - She must avoid concentrated exposure to extremes of cold and heat, vibration, wetness, humidity, environmental irritants such as fumes, odors, dusts, gases, and areas of poor ventilation, as well as hazards such as inherently dangerous moving machinery and unprotected heights.
> - She is limited to simple work, carrying out simple instructions and using judgment to make simple work-related decisions.
> - Her work duties and any changes must be explained, written and or demonstrated.
> - Her work must not have strict production rates or time quotas.
> - She can have occasional interaction with others.

(R. 19-20).   Plaintiff argues the ALJ did not go far enough in his articulation of non-exertional limitations.   Specifically, Plaintiff contends that evidence of her mild impairment in her ability to adapt or manage herself warranted further functional limitations.   (Doc. No. 11 at 4-7).   The Court disagrees.

As an initial matter, the Court notes that the Plaintiff's contention regarding her RFC and the VE hypothetical are one and the same.  *Rutherford*, 399 F.3d at 554 n.8 (stating "objections to the adequacy of hypothetical questions posed to a vocational expert often boil down to attacks on the RFC assessment itself.").   Further, the ALJ's finding of a mild limitation in Plaintiff's ability to adapt or manage herself at Step Three demanded no specific formulation of the RFC at Step Four.   *See Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 209 (3d Cir. 2019) (stating "no incantations are required at steps four and five simply because a particular finding has been made at steps two and three.").   The Court does not require a verbatim account of an ALJ's Step Three findings in the RFC determination; rather, the ALJ needs only have a "valid explanation" for the limitations included in the RFC.   *Id.* at 211.

Here, the ALJ offered a valid explanation for the findings included in the RFC with a thorough discussion of the evidence such that the Court is satisfied that Plaintiff's RFC included all "credibly established" limitations. *Rutherford*, 399 F.3d at 554 n.8. The ALJ explained at Step Three that Plaintiff suffered only a mild limitation in her ability to adapt and manage herself because she was able to perform many tasks of daily living, there was no indication from her treating providers that she was unable to manage her own medical care, and her mental status examination showed generally fair insight and judgment. (R. 19; *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (holding that an ALJ's decision must be "read as a whole")). Additionally, the ALJ found that Plaintiff's activities of daily life were generally inconsistent with her allegations as she was unable to perform a wide range of activities. (R. 23). Further, the ALJ noted that while Plaintiff testified that she experienced anxiety, panic attacks, trouble concentrating, and feelings of self-harm, her testimony was not entirely consistent with the evidence of record. (R. 20-21). Additionally, the ALJ limited Plaintiff to "simple work, carrying out simple instructions, using judgment to make simple work-related decisions, work duties and changes that must be explained, written and or demonstrated, work without strict production rates or time quotas, and occasional interaction with others" based on Plaintiff's mental health history and her diagnoses of major depressive disorder with psychotic features and PTSD. (R. 22-23). Accordingly, the Court finds Plaintiff's RFC is supported by substantial evidence.

Plaintiff's argument that this case is similar to *Gibson v. Comm'r of Soc. Sec.*, No. 17-6507, 2018 U.S. Dist. LEXIS 217918 (D.N.J. Dec. 21, 2018), is not convincing. First, this is merely persuasive authority that is not binding on this Court. Second, the Third Circuit decision discussed in *Gibson*, specifically *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004), does not stand for the proposition that a mild impairment in adapting or managing oneself demands a specific corresponding functional limitation in the RFC, but that the ALJ must provide a "valid explanation" for how he or she formulated the RFC. *Id.* at 555. For the reasons explained above, the ALJ provided such an explanation and incorporated limitations into the RFC to account for all of Plaintiff's "credibly established" limitations. *Rutherford*, 399 F.3d at 554 n.8.

The Court also rejects Plaintiff's next argument that the ALJ failed to consider the VE's opinion on the impact of Plaintiff being off-task more than 10 percent of the time and absent beyond the acceptable amount of time. (Doc. No. 11 at 7-10). Plaintiff specifically cites to her counsel's cross-examination of the VE during the hearing, revealing that an employee could only miss less than two days of work per month to maintain unskilled work. (*Id.* at 7 (citing R. 62)). Plaintiff points to evidence within the record, including her testimony and reports to doctors about mental health issues, showing that Plaintiff would be absent more than the allowed amount of time and would not be able to remain on task at work and contends that the ALJ failed to discuss this evidence. (*Id.* at 8-10). For the following reasons, the Court disagrees.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

                                            s/Alan N. Bloch
                                            United States District Judge

ecf:        Counsel of record

---

      First, the ALJ thoroughly explained why he did not include additional off-task time and absenteeism in Plaintiff's RFC and VE hypothetical. As explained above, the ALJ appropriately rejected Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her impairments. (R. 21-23). Further, the ALJ explained why he rejected the opinion of Dr. Stephanie Richards, M.D., who opined that Plaintiff could not work a normal workday or workweek due to extreme limitations in her ability to behave in an emotionally stable manner and relate predictably in social situations. (R. 24). The ALJ explained that he did not find this opinion to be persuasive because it was neither supported by Dr. Richards' records nor consistent with evidence of record showing Plaintiff could perform many activities of daily life. (*Id.*). Additionally, the record showed that Plaintiff had normal mental status examination findings, that Plaintiff's suicidal ideations resolved following hospitalization, and that Plaintiff did not attend an intensive outpatient program, as recommended, or therapy until closer in time to the hearing date. (*Id.*). Accordingly, the ALJ sufficiently considered the record and determined that Plaintiff did not have work preclusive limitations.

      For all these reasons, the Court affirms the decision of the ALJ.